IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | |
| *Plaintiff,* | |
| *V*s. | *CIVIL ACTION NO.* _____ |
| ATLAS HEALTHCARE, LLC | |
| *Defendant.* | |

# COMPLAINT FOR DECLARATORY JUDGMENT

## Parties

1.    Plaintiff THE CINCINNATI INSURANCE COMPANY (hereinafter known as "Cincinnati") is a corporation organized under the laws of the State of Ohio, with its principal place of business in Fairfield, Ohio, and is authorized to do business as an insurance company in the State of Alabama.

2.    Defendant ATLAS HEALTHCARE (hereinafter known as "the insured"), is a corporation organized under the laws of the State of Alabama and has its principal place of business in Birmingham, Alabama.

## Jurisdiction

3.    An actual controversy of a justiciable nature exists between Cincinnati and the insured, involving rights and liabilities under a policy of insurance issued by Cincinnati to the insured in which said controversy involves more than Seventy Five Thousand and no/100 Dollars ($75,000.00).

4. Jurisdiction in this case is based upon diversity of citizenship (28 U.S.C. §1332) and the Declaratory Judgment Act (28 U.S.C. §2201).

## Statement of Facts

5. On or about July 18, 2016 the building in which the insured was a tenant suffered a water loss. The suite occupied by the insured received water damage. Items damaged in the loss included office furniture, computers and papers.

6. The insured was paid the policy limit for business personal property as well as payments for multiple items under the extra expense coverage.

7. The insured, Atlas Healthcare, LLC, is a recruiter of medical professionals from foreign countries. Atlas focuses on locating RN's, physical therapists and occupational therapists in countries where education requirements meet US standards.

8. After a recruit signs an Employment Agreement for a specified number of years with the insured, Atlas then assists with all aspects of licensing and immigration for them to enter the country and begin working at medical facilities across the country.

9. Once the candidate fulfills all licensing and immigration requirements, they are ready to be "deployed" to work at medical facilities. At that point, the insured bills the medical facility for the medical professional and takes a portion of the pay as outlined in the Employment Agreement. According to the insured's sworn testimony, the hourly amount for each professional varies depending on experience and specialty.

10. It is the insured's testimony that the length of time it takes a recruit to work through the licensing and immigration requirements varies depending on the country from which the recruit is coming. While it takes only a couple of months for a Canadian nurse to work through the process, it can take Caribbean nurses up to three years to complete the process.

11.     The majority of recruiting by the insured is done over the internet using social media and job posting websites such as Indeed.

12.     At the time of the loss, the insured had a policy of insurance in full force and effect. Policy number ECP 031 49 80 provided coverage for Business Income with Extra Expense for 12 months actual loss sustained (policy of insurance is attached hereto as Exhibit "A").

13.     Following the fire, the insured made numerous claims for business interruption/extra expense totaling $1,780,815.00.

14.     The insured claimed the water loss caused the business to suffer because of the inability to communicate with numerous recruits who had signed with the insured or whom the isnured felt would eventually be signed up and deployed to work in a medical facility and therefore produce income for the insured.

15.     The insured claimed a loss of income for nine individuals totaling $1,089,784.80 as follows:

|   |   |   |
|---|---|---|
| a. | Abubaker | $51,292.80 |
| b. | Srinivasan | $21,247.20 |
| c. | Harrison | $221,270.40 |
| d. | Rolle | $204,422.40 |
| e. | Valentin | $108,201.60 |
| f. | Dunn | $45,676.80 |
| g. | Bailey | $221,270.40 |
| h. | Nooh | $108,201.60 |
| i. | Kozynets | $108,201.60 |

16. In addition, the insured claimed a loss of $474,626.88 for 8 unnamed medical professionals who applied through Indeed.com but allegedly were unable to be contacted due to the loss. The insured's testimony is that it "guesstimated" the potential loss based on the average amount of years for the Employment Agreement based on the historical success rate of signing recruits up.

17. The insured also claimed a loss of $107,119.58 for two medical professionals who responded to an advertisement on Indeed.com but allegedly were not contacted due to the loss. Again, the insured testified this figure was based on a percentage of historical success of people who applied and were finally signed up.

18. In accordance with the provisions of the insurance policy, Cincinnati requested that the insured's principals submit to an examination under oath. The Defendant produced Micah Franklin and Dale Turner as representatives for the insured. Both Ms. Franklin and Mr. Turner submitted to examinations under oath on February 7, 2017. Mr. Turner also sat for a second examination under oath on May 31, 2017.

19. The insured has failed to provide sufficient documentation to support the amounts it is claiming in its business income claim.

## COUNT ONE
## MATERIAL MISREPRESENTATIONS

20. Plaintiff adopts and incorporates paragraphs 1 through 19 above as if same were repeated verbatim herein.

21. Plaintiff Cincinnati contends that the insured, in violation of the express provisions of the policy, intentionally concealed or misrepresented material facts or circumstances to the company and its representatives during the investigation of this loss relating to the insured's Business Income claim.

22. On or about December 5, 2016, the Defendant filed a proof of loss with Cincinnati but listed the amount as Unknown at This Time (see Exhibit B attached hereto). Since then it has submitted

a claim for ONE MILLION SEVEN HUNDRED EIGHTY THOUSAND EIGHT HUNDRED FIFTEEN AND 00/100 ($1,780,815.00).

23. During the examination under oath, the insured misrepresented to Cincinnati the value of the income lost as a result of the water loss by falsely claiming certain contracts were lost due to communication issues caused by the water damage, misrepresenting an alleged lost relationship with a facility in Nebraska and misrepresenting the application status of the subjects of the claim.

24. Plaintiff Cincinnati denies that the Defendant is entitled to the amount claimed asserting that the policy is null and void due to the insured's misrepresentation of material facts or circumstances related to the alleged loss of income the business suffered as a result of the water loss.

25. For the reasons stated above, Plaintiff Cincinnati alleges that it is not obligated to pay the Defendant for the alleged loss of income and related extra expenses due to the water loss which occurred on or about July 18, 2016. Plaintiff contends that a justiciable controversy exists under the aforementioned policy of insurance as to whether the alleged loss of business income and extra expenses claimed by Defendant is excluded under the terms of said policy.

WHEREFORE, premises considered, Plaintiff Cincinnati seeks the following relief:

A. That the Court declare that the insurance policy issued to Defendant Atlas Healthcare, LLC is void and of no effect.

B. That the Court declare that Cincinnati has no obligation or duty to pay said claims of the Defendant in the amount of approximately ONE MILLION SEVEN HUNDRED EIGHTY THOUSAND EIGHT HUNDRED FIFTEEN AND 00/100 ($1,780,815.00) and related extra expenses.

C. That the Court declare that no coverage is provided for the claim of the Defendant under the policy of insurance issued to Atlas Healthcare, LLC that said policy is void and has no effect.

D. That the Court grant Cincinnati other and further relief as the Court deems appropriate, including but not limited to costs incurred with respect to this action.

## COUNT TWO
## DECLARATORY JUDGMENT OF NO LOSS OF INCOME/EXTRA EXPENSE

26. Plaintiff adopts and incorporates paragraphs 1 through 25 above as if same were repeated verbatim herein.

27. The policy of insurance issued to Atlas Healthcare, LLC provides coverage for lost income actually sustained by the insured during the year following an occurrence.

28. The investigation of the claim by Cincinnati, based on information provided by the insured as well as information discovered by Cincinnati in its own investigation, has failed to find evidence supporting any loss of income during the covered period. In fact, the insured had available to it means and methods of communication at all times subsequent to the loss. Thus, any failure to communicate with the subjects of the claim was of the insured's own making. Furthermore, to date, the insured has failed to provide evidence to support the figures it is making for its business income claim.

29. For the reasons stated above, Plaintiff Cincinnati alleges that it is not obligated to pay the Defendant for the alleged loss of income and related extra expenses as a result of the water loss which occurred on or about July 18, 2016. Plaintiff contends that a justiciable controversy exists under the aforementioned policy of insurance as to whether the alleged loss of business income and extra expenses claimed by Defendant is excluded under the terms of said policy.

WHEREFORE, premises considered, Plaintiff Cincinnati seeks the following relief:

A. That the Court declare that the insured has failed to prove it suffered a covered loss of income and that, therefore, Cincinnati owes nothing further under the policy.

B. That the Court declare that Cincinnati has no obligation or duty to pay said claims of the Defendant in the amount of approximately ONE MILLION SEVEN HUNDRED EIGHTY THOUSAND EIGHT HUNDRED FIFTEEN AND 00/100 ($1,780,815.00) and related extra expenses.

C. That the Court grant Cincinnati other and further relief as the Court deems appropriate, including but not limited to costs incurred with respect to this action.

Respectfully Submitted: August 4, 2017

ATTORNEYS FOR PLAINTIFF
THE CINCINNATI INSURANCE COMPANY


 /s/ Mark E. Spear
MARK E. SPEAR (SPEAM9106)
KAYLIN L. HART (HARTK9260)
Spear, Spear, & Hamby, P.C.
Post Office Box 1347
Mobile, Alabama 36633-1347
P: (251) 344-8181
F: (251) 344-6629


PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.


 /s/ Mark E. Spear
MARK E. SPEAR


**DEFENDANT MAY BE SERVED AS FOLLOWS:**

Atlas Healthcare, LLC
c/o Denise M. Conley
1920 Old Springville Rd, Ste. 104
Birmingham, AL  35215