# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| vs. | ) ) Case No. 2:17-cv-1310-TMP ) |
| ATLAS HEALTHCARE, LLC; | ) ) |
| Defendant/Counterclaimant. | ) |

## MEMORANDUM OPINION and ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Pending before the court is defendant Atlas Healthcare, LLC's ("Atlas") motion for partial judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c).[1]  (Doc. 26).  The motion has been fully briefed, and, pursuant to defendant's request for oral argument, the motion was heard on December 7, 2018.

---

[1] The court is aware that Atlas also has filed a motion for partial summary judgment. (Doc. 29).  However, because the parties were allowed to engage in discovery since the filing of the motion and there is a new dispositive motions deadline of March 1, 2019, the court believes the parties should be allowed to refile the motion and opposition to take into account any evidence unearthed discovery.  Accordingly, the motion for partial summary judgment is DENIED without prejudice to refiling it on or before March 1, 2019.  In event a renewed motion is filed, an opposition to it can be filed no later than twenty-one (21) days after the date of service of the motion.  A reply to the opposition can be filed no later than seven (7) days after the date of service of the opposition.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The defendant seeks judgment on the pleadings based on the following: (1) that the plaintiff has not sufficiently pleaded a claim of fraud in Count One of the Complaint; (2) that the plaintiff cannot show the requisite intent to deceive to support the fraud claim; and (3) that the plaintiff has not alleged material misrepresentations of fact. The plaintiff, Cincinnati Insurance Company ("Cincinnati"), counters that the claim relating to the alleged fraud is pleaded with particularity as required by Federal Rule of Civil Procedure 9(b) and is not subject to dismissal under Rule 12.

Rule 12(c) provides that a party may move for a judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Entry of a "[j]udgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). Similar to a Rule 12(b)(6) motion to dismiss, the court must "accept all facts in the complaint as true and view them in the light most favorable to the nonmoving party." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001).

This action arises from a business insurance policy issued by Cincinnati to Atlas. Atlas is a company that procures contracts with healthcare professionals who can then be deployed to medical facilities that require additional staff. The policy included coverage for "Business Income (and Extra Expense)." On July 18, 2016, the building where Atlas was a tenant was damaged by water, and Atlas filed a claim that included a claim for lost business income of more than a million dollars, asserting that the damage to their office caused Atlas to lose opportunities to recruit, hire, and deploy medical professionals to medical facilities.[2] As authorized by the policy, Cincinnati took sworn examinations under oath from two principals of Atlas concerning the claim for loss of business income. Cincinnati refused to pay the claim for the alleged loss of business income and commenced this action, seeking a declaratory judgment. Cincinnati asserts that Atlas intentionally concealed or misrepresented material facts relating to the business income claim (Count One), and that Cincinnati is entitled to a declaratory judgment that it is not liable for the lost income claim of approximately $1.7 million set forth by Atlas (Count Two). The instant motion seeks dismissal of Count One only.

Count One of the complaint asserts that Atlas, "the insured, in violation of the express provisions of the policy, intentionally concealed or misrepresented material

---

[2] Atlas apparently made payment for the loss of the physical business property, and the coverage at issue is the claim for lost business opportunity.

facts or circumstances to the company... during the investigation of this loss." (Doc. 1, ¶21). The complaint refers to a proof of loss document filed with Cincinnati by Atlas on December 5, 2016, which listed the amount of lost business income as "Unknown At This Time," and further asserts that the claim was ultimately submitted for $1,780,815.00, which the plaintiff asserts was a misrepresentation of the loss, and that the claim specifically misrepresented an alleged lost relationship with a Nebraska facility, and misrepresented the application status of the subjects of the claim. (Doc. 1, ¶¶ 22-23). In addition, the complaint's factual allegations name nine individuals concerning whom the insured sought lost income, and refers to eight other unnamed medical professionals about whom the loss is disputed.

1. Heightened Pleading Standard of Rule 9(b)

Under Federal Rule of Civil Procedure 9(b), a claim of fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Under Eleventh Circuit law, the particularity required generally must include the time, place, and person responsible for the misrepresentations, and must refer to any documents or statements that are alleged to be fraudulent. "In other words, the plaintiff must allege the who, what, where, when, and how of each element, except

4

scienter, which can be pleaded generally." U. S. v. Pub. Warehousing Co. K.S.C., No. 1:05-CV-2968-TWT, 2017 WL 1021745, at *3 (N.D. Ga. Mar. 16, 2017) (citing Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005)).

In this case, the complaint contains sufficient factual allegations to effectively plead fraud under Alabama law and under Federal Rule of Civil Procedure 9(b). The complaint specifies when Atlas made the representations about the loss of business, and it names the particular healthcare providers from whom Atlas represented it lost business opportunities. The complaint alleges that Atlas represented to Cincinnati that certain specifically-identified contracts with healthcare providers were lost due to Atlas's inability to communicate with the providers due to the water damage it suffered.[3] The allegations of the complaint are sufficient to apprise Atlas what representations Cincinnati contends were fraudulent, and to provide details of the "who, what, when and where" of the misrepresentations. The complaint also alleges that the alleged misrepresentations were made intentionally, and, under Rule 9, it is not necessary to allege circumstantial facts of

---

[3] For example, paragraph 15 of the complaint names nine specific contracts with medical professionals that, according to Atlas, were lost due to Atlas's inability to communicate with them. Cincinnati then alleges later in Count I that Atlas's representations about losing these contracts due to the covered water loss were false. At paragraph 23, Cincinnati alleged that Atlas "falsely claim[ed] certain contracts were lost due to communication issues caused by the water damage…." This sufficiently alleges the who, what, when, and where of the alleged fraud.

5

that state of mind. Accordingly, the motion to dismiss on the basis that the claim is insufficiently pleaded is due to be denied.[4]

2. Intent to Deceive

Under Alabama law, a claim of fraudulent misrepresentation sufficient to void an insurance policy must be premised upon an "actual intent to deceive." Ala. Code § 27-14-28. See, e.g., Bankers Life & Cas. Co. v. Long, 266 So. 2d 780 (Ala. Civ. App. 1972).[5] An insurance policy may be declared void, however, if an insured intentionally makes misrepresentations during the post-loss investigation of a claim. See, e.g., Baker v. Travelers Ins. Co., 207 F. Supp. 3d 1246, 1254 (N.D. Ala. 2016). As set forth above, the scienter may be pleaded generally—that is, it is not necessary to allege objective circumstantial facts from which an inference of deceit can be drawn.

Cincinatti's complaint alleges that the insured, "in violation of the express provisions of the policy, intentionally concealed or misrepresented material facts"

---

[4] To the extent that the defendant asserts that the claim also is insufficient under Rule 12(b) and the Supreme Court standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the fact that the allegations suffice to meet the heightened pleading standard of Rule 9(b) compel the conclusion that the standards of Rule 12(b) also are met.

[5] The parties do not dispute that the fraud and insurance coverage issues raised in the complaint are governed by Alabama state law.

relating to the amount of the loss. While the insurer may find the burden of proving such intent to deceive to be a high hurdle at trial or even at summary judgment, the burden at the pleading stage is merely to allege that the insured had the requisite intent.[6] The complaint sufficiently alleges the intent to deceive; accordingly, the motion to dismiss on that ground is due to be denied.

### 3. Materiality of Alleged Misrepresentations

Atlas further asserts that the alleged misrepresentations upon which Cincinnati bases its claim are not misrepresentations of material fact, but are simply a differing opinion as to the value of the loss. Under Alabama law, in a case cited by the defendant, another court in this district has noted that an insurance policy cannot be voided where the insured simply provides a "bona fide opinion about the value of the claim." Cole v. Owners Ins. Co., 326 F. Supp. 3d 1307, 1322 (N.D. Ala. 2018). However, Cole stands for the proposition that an "opinion" about the dollar amount of a loss—"without more"—does not equal fraud or

---

[6] The defendant points to the complaint's allegation that the insured "felt" that the medical recruits who were named would eventually have contracted with Atlas and have produced income for Atlas as evidence that Atlas had a good faith belief in the accuracy of its estimate of the loss. This argument is without any basis. The allegation in the complaint, while inartful, is merely a description of what the insured had claimed when it reported the loss; it is not a concession of Atlas's lack of intent for pleading purposes. On summary judgment or at trial, Cincinnati still will be required to prove the absence of good faith by Atlas.

misrepresentation. 326 F. Supp. 3d at 1327. In this case, the allegations are that Atlas did not simply have a different opinion as to the value of the loss, but that Atlas intentionally stated relationships, contracts, and income that it did not have or did not lose as a result of the covered water loss. Whether Cincinnati can prove that Atlas's valuation was fraudulent is a matter not ripe for consideration here. The allegations demonstrate that the representations were "more" than a disagreement regarding the value of a loss. Accordingly, the final argument of the defendant's motion to dismiss is due to be denied.

## **CONCLUSION**

For the reasons set forth herein, the defendant's motion for judgment on the pleadings (doc. 26) is due to be and hereby is DENIED. As mentioned in footnote 1 above, the motion for partial summary judgment (doc. 29) also is denied without prejudice to refiling (or replacing with a different motion for summary judgment) before March 1, 2019.

DATED this 5th day of February, 2019.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE